IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ROBERT L. KIRKLAND, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:22-cv-759-O-BP |
| § | |
| COMMISSIONER OF § | |
| SOCIAL SECURITY, § | |
| § | |
| Defendant. § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act and Attorney's Affirmation in Support of Motion filed on August 3, 2023. ECF Nos. 25 and 26. This case was referred to the undersigned automatically under Special Order 3 on August 26, 2022. ECF No. 5.

Based upon a full review of the pleadings and applicable legal authorities, the agreement of the Commissioner to the amount of fees requested by Plaintiff, and the provisions of 28 U.S.C. § 2412(d)(2)(A), the Court finds that the appropriate hourly rate at which to award fees in this case is $234.14 per hour for attorney services performed in 2022, $243.54 per hour for attorney services performed in 2023, and $100.00 per hour for paralegal services performed in 2022 and 2023. The Court further finds that Plaintiff is entitled to recover compensation for attorney services incurred of 2.2 hours in 2022 and 41.3 hours in 2022 and for paralegal services incurred of 5.6 hours in 2022 and 2.5 hours in 2023.

Accordingly, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **ORDER** Defendant to pay Plaintiff Robert L. Kirkland, in care of Howard D. Olinsky,

an attorney, Olinsky Law Group, 250 S. Clinton St., Ste. 210, Syracuse, NY 13202, fees under the Equal Access to Justice Act in the agreed upon, reduced total amount of $10,814.14 for 2.2 hours of attorney services in 2022 at a rate of $234.14 per hour and for 41.3 hours in 2023 at a rate of $243.54 per hour and for 5.6 hours of paralegal services in 2022 and 2.5 hours in 2023 at a rate of $100.00 per hour in each year.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on August 22, 2023.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE